IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOMINGO VELEZ JR., | ) | Case No. 3:15CV785 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MICHELLE MILLER, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | **OF MAGISTRATE JUDGE** |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Domingo Velez Jr. ("Petitioner"), acting *pro se*, on April 16, 2015.[1]  ECF Dkt. #2.  Petitioner seeks relief from his conviction and sentence for felonious assault and menacing entered by the Putnam County, Ohio, Court of Common Pleas. *Id*.  On November 10, 2015, Respondent, Michelle Miller ("Respondent"), Warden of the Belmont Correctional Institution in St. Clairsville, Ohio, where Petitioner is currently housed, filed a return of writ.  ECF Dkt. #13.  On November 30, 2015, Petitioner filed a traverse to Respondent's return of writ.  ECF Dkt. #14.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice.

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual History

The Third District Court of Appeals set forth the facts of this case on direct appeal.

These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden

of rebutting the presumption by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040 (1999).  As

set forth by the Third District Court of Appeals, the facts are:

> {2} On June 20, 2012, the Putnam County Grand Jury indicted [Petitioner] on
> Count One of felonious assault in violation of R.C. 2903.11(A)(1) "and/or"
> 2903.11(A)(2), a second-degree felony; Count Two of possession of cocaine in
> violation of R.C. 2925.11(A), (C)(4)(A), a fifth-degree felony; and, Count Three
> of menacing in violation of R.C. 2903.22(A), a fourth-degree misdemeanor.
> Counts One and Two stemmed from an October 13, 2012 incident between
> [Respondent] and his wife at their residence.  Count Three stemmed from a
> September 28, 2012 traffic stop of [Petitioner] by Putnam County Sheriff Greg
> Westrick.
>
> {3} The trial court held an arraignment hearing on November 9, 2012. [Petitioner]
> appeared with his court-appointed counsel and entered pleas of not guilty.
>
> {4} On April 8, 2013, the trial court scheduled a jury trial for June 3, 2013 and
> ordered that any pretrial motion be filed by May 1, 2013.  On May 31, 2013, the
> trial court rescheduled the jury trial from June 3, 2013 to June 24, 2013.
>
> {5} On the morning of June 21, 2013, [Petitioner] filed a "motion to file
> instanter," requesting that the trial court allow him to file a motion to sever trial, in
> which he requested that the trial court sever Count Three and hold a trial on that
> count separate from the trial on Counts One and Two.  Later that morning,
> plaintiff-appellee, State of Ohio, filed a response opposing [Respondent's] motion
> to sever.
>
> {6} A few minutes before the jury trial commenced on June 24, 2013, the trial
> court met with counsel in chambers and granted [Petitioner's] motion to file the
> motion to sever but denied the motion to sever.

2

{7} On June 24 and 25, 2013, a jury trial was held on the indictment.  The jury found [Petitioner] guilty of Counts One and Three, felonious assault and menacing, but not guilty of Count Two, possession of cocaine.

{8} On August 8, 2013, the trial court sentenced [Petitioner] to an aggregate term of six years imprisonment on Counts One and Three and ordered [Petitioner] to pay court costs.  The trial court filed its judgment entry of sentence the next day.

*State v. Velez*, 3rd Dist. Putnam No. 12-13-10, 2014 WL 1692753, at *1.

### B.  **Procedural History**

#### 1.  **State Trial Court**

On June 20, 2012, the Putnam County Grand Jury indicted Petitioner on the following charges:  felonious assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11(A)(1) "and/or" O.R.C. § 2903.11(A)(2), a second-degree felony (Count One); possession of cocaine in violation of O.R.C. § 2925.11(A), (C)(4)(a), a fifth-degree felony (Count Two); and menacing in violation of O.R.C. § 2903.22(A), a fourth-degree misdemeanor (Count Three).  ECF Dkt. #13-1 at 4-5.  Counts One and Two stemmed from the incident between Petitioner and his wife at their residence, and Count Three from the traffic stop.  *Id*. at 4.  Petitioner entered pleas of not guilty to all charges.  *Velez*, 2014 WL 1692753, at *1.

On November 14, 2012, Petitioner moved for a competency evaluation.  *Id*. at 13.  The trial court granted the motion on February 14, 2013.  *Id*. at 14.  Petitioner and the State stipulated to the evaluation results, and the court found Petitioner competent to stand trial.  *Id*. at 15.

On December 3, 2012, Petitioner's initial attorney moved to withdraw due to a breakdown in communication with Petitioner.  ECF Dkt. #13-1 at 6.  On December 31, 2012, the trial court granted the motion and appointed new counsel.  *Id*. at 8.

3

On June 21, 2013, Petitioner moved for permission to file a motion requesting that the court hold two separate trials, one on Count Three and another on Counts One and Two. *Id*. at 16.  On June 25, 2013, the court granted Petitioner leave to file the motion, which he did that day. *Id*. at 18, 19-22.  The court then denied the motion.  ECF Dkt. #13-2 at 6.

Petitioner's trial by a jury commenced on June 24, 2013.  ECF Dkt. #13-1 at 26.  The next day, the jury found Petitioner guilty of Counts One and Three, felonious assault and menacing, but not guilty of Count Two, possession of cocaine. *Id*.

On August 8, 2013, the trial court sentenced Petitioner to terms of imprisonment of six years on Count One and thirty days on Count Three, to be served concurrently. *Id*. at 27.  The trial court further ordered that Petitioner pay court costs and be subject to three years of post release control. *Id*.

## 2. <u>Direct Appeal</u>

Petitioner, through the same counsel that represented him at trial, filed a timely notice of appeal. *Id*. at 32.  In his appellate brief, he asserted the following assignments of error:

1. The trial court erred when it denied Appellant's motion for separate trials.

2. The trial court erred when it accepted the jury's guilty verdict which was clearly against the manifest weight of the evidence and sufficiency of the evidence.

3. The trial court erred when it allowed an impaired juror to remain.

4. The trial court erred by allowing the introduction of hearsay documents and statements arising from those documents particularly as the statements relate to prior bad acts and character of Appellant.

*Id*. at 35.  On April 28, 2014, the Third District Court of Appeals affirmed Petitioner's

4

convictions and sentences.  *Velez*, 2014 WL 1692753; ECF Dkt. #13-1 at 99-153.  A review of the Supreme Court of Ohio's online docket revealed that Petitioner did not appeal the state appellate court's judgment.

### 3.     Rule 26(B) Application for Reopening Direct Appeal

On June 11, 2014, Petitioner filed a *pro se* application to reopen the direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure (also referred to as the "Ohio R. App. P.," where appropriate) in the Third District Court of Appeals.  *Id*. at 154.  In his brief, Petitioner raised the following assignments of error:

1.   The trial court erred by imposing concurrent sentences when it failed to make findings required by [O.R.C. §] 2929.14(C)(4).

2.   The trial court failed to consider whether its sentence utilized the minimum sanctions necessary to accomplish the goals of sentencing without unnecessarily burdening governmental resources.

3.   Counsel's ineffective advice led to an offer's rejection and where the prejudice alleged had to stand trial and face conviction.

4.   The trial court erred by sentencing the Defendant-Appellant to a sentence contrary to law.  Specifically contrary to statute [O.R.C. §] 2941.25(A), allied offenses of similar import.

*Id*. at 159, 163-64, 174.  On August 4, 2014, the state appellate court denied Petitioner's application.  *Id*. at 188-89.  A review of the Ohio Supreme Court's online docket revealed that Petitioner did not appeal this judgment of the state appellate court either.

### 4.     Post-Conviction Proceedings

On August 25, 2014, Petitioner filed a *pro se* motion entitled "Sentence Contrary to Law" in the trial court.  *Id*. at 190-200.  The court summarily overruled the motion on August 26, 2014. *Id*. at 201.

On September 22, 2014, Petitioner, *pro se*, attempted to file a notice of appeal of the trial court's judgment in the state appellate court.  *Id*. at 202-06.  On October 8, 2014, that court *sua sponte* dismissed Petitioner's appeal for lack of jurisdiction because Petitioner's notice of appeal did not comply with Ohio appellate procedure rules.  *Id*. at 207-08.  Petitioner filed additional documents with the state appellate court on October 20, 2014.  *Id*. at 209-10.  On October 28, 2014, the appellate court treated the filing as a motion for reconsideration and subsequently denied the motion.  *Id*. at 215-16.

On November 19, 2014, Petitioner filed a *pro se* notice of appeal in the Ohio Supreme Court.  *Id*. at 217-18.  In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

1.      Art I section 10 Note 34. Fair Trial.

2.      Art I section 10 Note 34. Due Process.

*Id*. at 220.  On April 8, 2015, the Ohio Supreme Court declined to accept jurisdiction and dismissed the case.  *Id*. at 230.

## II.      **FEDERAL HABEAS CORPUS PETITION**

Petitioner filed a *pro se* federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 16, 2015.  ECF Dkt. #2.  In his habeas petition, Petitioner asserts the following two grounds for relief:

> GROUND ONE:  Fair trial in violation of the Fifth; Sixth; Fourteenth amend. U.S. Const. The 2013 Rules of Court of the State of Ohio as to the none exist rules gave as reason to deny argument of Appeal as the forms of the Court were not of the Court design and the Clerk of Court were to issue them.  The Clerk of Court of Putnam County, Ohio has not such forms or claim to have issued such forms as the court rule.

6

<u>Supporting Facts</u>:  The Ohio rules of Court Volume III – Local 2013 West registered trademark A Thomson Reuters business Mat#41130514, "Local Rules of the Third Appellate Judicial District," Putnam County, Ohio. Page 31-42. The instructions were for filing in the Appellate court for review of claims of error. The court suggested and rule the rules of the book," Ohio Rules of Court volume III – Local 2013 were not the appropriate format for its court and gave the petitioner a dismissal based upon its view the forms were unappropriated. The instructions that the forms were to be from the Clerk of Courts. The Clerk had no such forms to file.

GROUND TWO: [Petitioner left this portion of his habeas petition blank]

<u>Supporting Facts</u>:  The court denied the petitioner the use of the court to review when the court claim a certain type of form were to be used to allow the court to review the petitioner claim the clerk of the court knew not of any type of form were to be used to allow the court to review the petitioner claim the clerk of the court knew not of any type of form and established the appeal was filed in the manner of the Local Rules of the Third Appellate Judicial District Court. [sic]

*Id*. at 4, 6 (description of attachments omitted).

On August 3, 2015, Petitioner filed a "Motion for Relief."  ECF Dkt. #8.  Respondent opposed the motion.  ECF Dkt. #9.  On August 21, 2015, Petitioner filed a brief in support of his habeas petition.  ECF Dkt. #10.  On November 10, 2015. Respondent filed an answer/return of writ.  ECF Dkt. #13.  Petitioner filed a *pro se* traverse to Respondent's return of writ on November 30, 2015.  ECF Dkt. #14.

On January 22, 2016, Petitioner filed a motion requesting the appointment of counsel. ECF Dkt. #15.  Respondent filed a response to the motion requesting appointment of counsel, to which Petitioner replied.  ECF Dkt. #16, #17.  On February 11, 2016, the undersigned denied Petitioner's motion.  ECF Dkt. #18.

## III.  <u>PROCEDURAL BARRIERS TO REVIEW</u>

A petitioner must overcome several procedural barriers before a court will review the

merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, 532 U.S. 374, 381 (2001), "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *See also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1). Respondent does not challenge the timeliness of Petitioner's habeas petition.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

8

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by:  (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, 553 F.3d 1028, 1031–32 (6th Cir. 2009), the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

The Supreme Court has held that "the petitioner has the burden... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and

actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis

10

for its decision to reject review of the prisoner's federal claims.  *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).  Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

11

## IV.     **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was *contrary to*, or involved *an unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the Supreme Court declared that "a federal habeas

12

court making the 'unreasonable application' inquiry should ask whether the state court's

application of clearly established federal law was objectively unreasonable."  *Id.*  Elaborating on

the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,

that application must also be unreasonable."  *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652,

655–56 (6th Cir. 2001).

      The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.      Decisions of lower federal courts may not be considered.

B.      Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.      The state court decision may be overturned only if:

      1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

      2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

      3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

      4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be

objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

14

## V.      ANALYSIS

### A.      Procedural Default

As best the undersigned can discern, in both grounds for relief, Petitioner claims that he was denied a fair trial when, in attempting to appeal the trial court's denial of his post-conviction petition, the appellate court's clerk of court failed to properly advise him about, and/or provide him with the necessary forms to file a notice of appeal that would comply with the Ohio Rules of Appellate Procedure.  *See* ECF Dkt. #2 at 4, 6; ECF Dkt. #8 at 2; ECF Dkt. #14 at 2-4. Respondent argues that Petitioner's claims are procedurally defaulted because:  (1) Petitioner did not fairly present any federal constitutional claim to the trial court in his post-conviction petition; and (2) the state appellate court asserted the procedural bar that his notice of appeal did not satisfy state appellate procedure rules.  ECF Dkt. #13 at 17.  In response, Petitioner appears to argue that the procedural default should be excused because the appellate court failed to correct the error of the clerk of the trial court in transmitting "an imperfect record" to the appellate court. ECF Dkt. #14 at 4-6.

As explained above, Petitioner filed a *pro se* post-conviction petition entitled "Sentence Contrary to Law" in the trial court, complaining of numerous, if ill-defined, errors committed at his trial.  ECF Dkt. #13-1 at 190-200.  In the petition, he made only one cursory reference to federal constitutional law, citing "Due Process" and "Equal Protection" in his "Conclusion,"  but did not cite to any federal case law or provide any supporting argument.  *See id*. at 192-93.  The court summarily overruled the motion on August 26, 2014.  *Id*. at 201.

On September 22, 2014, Petitioner, acting *pro se*, attempted to appeal that judgment in the state court of appeals.  However, the appellate court *sua sponte* dismissed Petitioner's appeal

15

for lack of jurisdiction on October 8, 2014, because Petitioner had not complied with the Ohio

Rules of Appellate Procedure.  *Id*. at 207-08.  The court explained:

> Appellant filed a docketing statement, brief with assignments of error, poverty
> affidavit, and four different forms of statement and praecipe.  Although the clerk
> of court's "notice of filing" reflects that Appellant filed a notice of appeal, none of
> the documents filed have that caption nor do they contain anything close to the
> content requirements for a notice of appeal.  See [Ohio R. App. P.] 3(D).
>
> Upon consideration the Court finds that, to perfect an appeal as of right and confer
> appellate jurisdiction, a proper notice of appeal must be filed with the trial court
> within thirty days of the judgment appealed. [Ohio R. App. P.] 3(A) and 4(A).
> Appellant did not file a notice of appeal and the documents Appellant did file do
> not substantially comply with the jurisdictional requirement found in [Ohio R.
> App. P.] 3.  Accordingly, the instant appeal should be dismissed for lack of
> jurisdiction.

*Id*. at 207.

> Ohio Appellate Rule 3(D) governs the content of a notice of appeal, stating:
>
> The notice of appeal shall specify the party or parties taking the appeal; shall
> designate the judgment, order or part thereof appealed from; and shall name the
> court to which the appeal is taken.  The title of the case shall be the same as in the
> trial court with the designation of the appellant added, as appropriate.  Form 1 in
> the Appendix of Forms is a suggested form of a notice of appeal.

Ohio R. App. P. 3(D) (footnote omitted).  Ohio Appellate Rules 3(A) and 4(A) establish the

requirement that a notice of appeal be filed within thirty day from the date of the judgment entry

being appealed from, and the authority of the appellate court to dismiss the appeal for failing to

file a proper, timely notice of appeal.  Ohio R. App. P. 3(A), 4(A).

On October 20, 2014, Petitioner filed additional documents with the state appellate court.

*Id*. at 209-10.  The state appellate court treated the filing as a motion for reconsideration and

denied the motion.  *Id*. at 215-16.

16

Petitioner then filed a *pro se* notice of appeal in the Ohio Supreme Court.  *Id*. at 217-18.

The first proposition of law asserted in Petitioner's memorandum in support of jurisdiction

appears similar to his federal habeas claims, challenging the trial court clerk of court's role in the

preparation and/or filing of his notice of appeal in the state appellate court.  *Id*. at 223.  Petitioner

made only general references to "Fair Trial" and "Due Process" in his argument, and only cited

to the Ohio Constitution, not any federal constitutional law.  *Id*.  The Ohio Supreme Court

declined to accept jurisdiction and dismissed the case.  *Id*. at 230.

The undersigned agrees with Respondent that Petitioner's claims are procedurally

defaulted and therefore barred from federal habeas review.          First, the state appellate court

asserted a procedural bar to Petitioner's claims based on a defective notice of appeal.  Failure to

comply with state rules of appellate procedure is an adequate and independent state procedural

bar preventing federal habeas review.  *See, e.g., Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.

2004) (finding petitioner's claims procedurally defaulted where he failed to file a proper notice

of appeal to the Ohio Supreme Court ); *see also Deresse v. Warden, Ross Corr. Inst*., No. 2:10-

CV-1083, 2011 WL 3473361, at *2 (S.D. Ohio May 20, 2011).

The Sixth Circuit has explained the importance of the federal appellate rule governing the

content of notices of appeal:

> The content requirements of Rule 3(c) serve two functions. They address fairness
> and "due process concerns by 'ensur[ing] that the filing provides sufficient notice
> to other parties and the courts.'"  And they address administrative concerns by
> "avoid[ing] inconsistency, vagueness and an unnecessary multiplication of
> litigation" caused by uncertainty over who has appealed and from what judgment.
> Uniting these considerations is notice — notice to the opposing party and the
> court that an appeal of a given order has been taken and that it has been taken to a
> certain court.  An aspiring notice of appeal thus "must specify" not just any

17

"party" but "the party... taking the appeal," Fed. R.App. P. 3(c)(1)(A); it must
designate not just any court but "the court to which the appeal is taken," *id.*
3(c)(1)(C); and it must designate not just any order but "the... order [or orders]...
being appealed," id. 3(c)(1)(B).

*Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006) (internal citations omitted).

Furthermore, the undersigned rejects Petitioner's argument that the procedural default

should be excused because the appellate court failed to correct the error of the trial court's clerk

in transmitting "an imperfect record" to the appellate court.  ECF Dkt. #14 at 4-6.  Petitioner

cites Ohio R. App. P. 9(E) and 10(B) as support.  *Id.*  Rule 9(E) governs possible omissions or

misstatements in the trial record.  Ohio R. App. P. 9(E).  Rule 10(B) directs the clerk of the trial

court to transmit the trial record to the appellate court.  Ohio R. App. P. 10(B).  Neither of these

rules is relevant here.  The state appellate court made no reference to the trial record when ruling

that Petitioner's notice of appeal was defective.  Rather, it found generally that Petitioner "did

not file a notice of appeal and the documents [Petitioner] did file [did] not substantially comply

with the jurisdictional requirement found in [Ohio R. App. P.] 3."  ECF Dkt. #13-1 at 207.

Indeed, the Ohio Rules of Appellate Practice do not impose any obligation upon clerks of court

to assist litigants in any respect.  To the contrary, Ohio R. App. P. 3(D) refers to a "suggested

form" for notices of appeal to Ohio appellate courts that is provided in the Rules' appendix.  *See*

Ohio R. App. P. Form 1.  It was Petitioner's duty to use that form and follow the other applicable

rules in drafting his notice.

It is well-established that "[c]ause for procedural default exists where something *external*

to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to

comply with the State's procedural rule."  *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012)

(emphasis original) (internal citations and quotations omitted); *Murray v. Carrier*, 447 U.S. 478,

18

488 (1986).  Nothing in the record indicates that any external factor prevented Petitioner from filing a proper, timely notice of appeal to the state appellate court.  Petitioner's default in this regard is therefore attributable only to him.  *See, e.g., Deresse*, 2011 WL 3473361, at *2 (rejecting petitioner's argument that error of court's clerk caused procedural default).  Thus, because Petitioner has not established "cause" and "prejudice" for his procedural default, and does not assert that he is actually innocent, his claims are procedurally barred from federal habeas review.

Petitioner's claims also are procedurally defaulted because, as Respondent argues, Petitioner did not "fairly present" them in state court.  Petitioner's references to "due process" and "fair trial" in his state-court pleadings were too general to fairly present the substance of a federal claim to the state courts.  "A petitioner need not cite 'chapter and verse' of constitutional law, but '[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated.'"  *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004) (quoting *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) and *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000)) (holding claims were not fairly presented where petitioner's only citation to federal authority appeared in a section heading and petitioner "failed to develop any cogent arguments regarding those rights beyond the naked assertion that they were violated.").  *See also Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006) (finding claim of "denial of due process and a fair trial" in violation of "14th and 6th Amendments" without citation to federal constitutional cases insufficient for fair presentation).

Moreover, even if Petitioner did present a federal constitutional claim in state court, he still did not fully exhaust the claims by giving state courts "one full opportunity to resolve any

19

constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To provide state courts the necessary "opportunity," petitioners must "fairly present" federal constitutional claims "in each appropriate state court" before seeking relief in the federal courts.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted).  Petitioner did not meet this requirement because he fairly presented this claim only to the Ohio Supreme Court in an attempt to obtain discretionary review.  "A habeas petitioner's submission of a new claim to the state's highest court on discretionary review is not a fair presentation to the state's courts."  *Hruby v. Wilson*, 494 F. App'x 514, 517 (6th Cir. 2012) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Petitioner's claims, therefore, are procedurally defaulted.  *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (internal citations omitted) ("Because [the exhaustion requirement] refers only to remedies still available at the time of the federal petition it is satisfied if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law."); *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review.").  Furthermore, as will be discussed below, Petitioner's claims fail for the additional reason that they are not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(b)(2) (courts may deny unexhausted habeas petitions on the merits).

### B. **Cognizability**

Respondent further argues that both of Petitioner's grounds for relief are not cognizable on federal habeas review because they are based on alleged errors of state law.  ECF Dkt. #13 at 16-17.  The undersigned agrees.

20

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac,* 456 U.S. 107, 121 n.21 (1982) (internal citation omitted) ("We have long recognized that a 'mere error of state law' is not a denial of due process.").

More specifically, "errors in post-conviction proceedings are outside the scope of federal habeas corpus review."  *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).  This is "because 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody.'"  *Id*. (quoting *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)).  Challenges to post-conviction proceedings "address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration."  *Kirby*, 794 F.2d at 247.  A due process claim related to collateral post-conviction proceedings, therefore, even if resolved in a petitioner's favor, would not "result [in]... release or a reduction in... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention."  *Id*.  Accordingly, such claims cannot be brought in federal habeas proceedings.  *Id*. at 246.

Here, Petitioner claims that the state appellate court erred when it found his notice of appeal did not comply with the Ohio Rules of Appellate Procedure.  ECF Dkt. #13-1 at 207-08.  Even if that were true, the state court made this procedural determination based on state law in a post-conviction proceeding, and it is not cognizable on federal habeas review.

**VI.**    <u>**CONCLUSION AND RECOMMENDATION**</u>

For the above reasons, the undersigned RECOMMENDS that the Court DISMISS

Petitioner's federal habeas corpus petition (ECF Dkt. #2) in its entirety with prejudice.


DATE: October 12, 2016                                    <u> */s/  George J. Limbert*</u>
                                                         GEORGE J. LIMBERT
                                                         UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to
file objections within the specified time WAIVES the right to appeal the Magistrate Judge's
recommendation. L.R. 72.3(b).