**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Domingo Velez, Jr.,                                     Case No. 3:15CV00785

        Petitioner,

        v.                                                    **ORDER**

Michelle Miller, Warden,

        Respondent.

        This is a habeas corpus proceeding under 28 U.S.C. § 2254. On referral, Magistrate Judge George Limbert has filed a Magistrate Judge's Report and Recommendation (R&R) recommending dismissal of the petition. (Doc. 19). The petitioner has filed objections (Doc. 20), the respondent has responded to those objections (Doc. 21), and the petitioner filed a reply. (Doc. 27). Thereafter, petitioner filed a motion for leave to amend his petition (Doc. 23), the respondent filed an opposition thereto (Doc. 24), and the petitioner filed a reply. (Doc. 26).

        On *de novo* review, I find the Magistrate Judge's R&R well taken, and I adopt the R&R and dismiss the petition with prejudice. In addition, I find no merit in the motion for leave to amend and deny that motion. Finally, I decline to issue a certificate of appealability.

**Discussion**

        Petitioner was indicted and tried in the Putnam County, Ohio, Court of Common Pleas on charges arising from domestic violence on his wife. The jury convicted petitioner of separate counts

of felonious assault and menacing; the jury also acquitted petitioner of cocaine possession charges arising from a traffic stop. The trial court sentenced petitioner to a six-year prison term.

In his pending *pro se* habeas corpus petition, the petitioner asserts two duplicative claims–namely that the state appellate court required him to use a specific form in the course of his appeal but the Putnam County Clerk of Court did not have the required form.

The respondent sought dismissal of the petition on the basis that: 1) petitioner had not fairly presented the claims he makes here to the state courts; and 2) the state appellate court had held that petitioner committed a procedural default when he failed to file a notice of appeal that conformed with the requirements of state law.

On reviewing the applicable opinion by the state appellate court (which provides the applicable and definitive statement), the Magistrate Judge agreed with the respondent that the default occurred on the two grounds the respondent argued.

As the Magistrate Judge pointed out, noncompliance with state requirements regarding the notice of appeal is an adequate and independent state procedural bar that precludes federal habeas review. *E.g., Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *see also Deresse v. Warden, Ross Corr. Inst.,* 2011 WL 3473361, *2 (S.D. Ohio).

I also agree with the Magistrate Judge's rejection of petitioner's unfounded contention that any error on the part of the Clerk of Court in transmitting "an imperfect record" to the appellate court entitles him to habeas relief. This is so because the state court ruled on the basis of petitioner's failure to file a proper notice of appeal, not on the basis of an imperfect record.

To be sure, if "something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule," that can excuse a

2

procedural default. *Maples v. Thomas,* 565 U.S. 266, 280, 132 S. Ct. 912, 922 (2012) (internal citation and quotation marks omitted). Here, though, nothing external got in petitioner's way. Certainly, as the Magistrate Judge also pointed out, Ohio law does not require Clerk's offices to prepare and distribute forms to appellants.

The Magistrate Judge also correctly accepted the respondent's argument that the petitioner failed utterly to meet the threshold requirement that he "fairly present" his federal claim in the state court proceeding. Petitioner's unadorned conclusory references to fair trial, due process, and equal protection "do not 'fairly present claims' that specific constitutional rights were violated." *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000) (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984))).

In addition, the Magistrate Judge also properly concluded that federal habeas relief is not available because petitioner's claims related to claimed violations of state, not federal, law. *E.g., Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (holding state law claims are not cognizable in federal habeas proceeding). This doctrine applies to "errors in post-conviction proceedings," which "are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

Petitioner's objections to the R&R primarily claim that the state court did not, in fact, rely on the defective notice and resulting default. I disagree. In any event, it is clear that petitioner had failed adequately to present his claim as a federal law, rather than a state law, claim

Finally, I agree with the respondent that I should deny the petitioner's motion for leave to amend to reframe his claims as federal constitutional claims. Even if petitioner could do so (which he cannot, due to the non-cognizability of the underlying claims), his amendment would be futile.

The issue is not how petitioner frames the claims here; it is that he failed to frame his claims in state court as being of federal constitutional nature and dimension.

### Conclusion

For the foregoing reasons, it is, accordingly,

ORDERED THAT:

1. The petitioner's objections (Doc. 20) to the Magistrate Judge's Report and Recommendation (Doc. 19) be, and the same hereby are, overruled; the Report and Recommendation be, and the same hereby is, adopted as the order of this court; and the petition for relief (Doc. 2) be, and the same hereby is, denied with prejudice; and

2. Petitioner's motion for leave to amend (Doc. 23) be, and the same hereby is, denied.

I decline to issue a certificate of appealability, as jurists of reasons could find no basis in the record or the Magistrate Judge's Report and Recommendation to reach a conclusion other than that which the Magistrate Judge has recommended and that I have found well taken in all respects.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge